## MALLOCH v. PHILADELPHIA RAPID TRANSIT CO.

Circuit Court of Appeals, Third Circuit.
January 8, 1930.

No. 4028.

John J. McDevitt, Jr., and Bernard J. Kelley, both of Philadelphia, Pa. (C. W. Rivise and A. D. Caesar, both of Philadelphia, Pa., of counsel), for appellant.

Howson & Howson, of New York City (Charles Neave and Charles H. Howson, both of New York City, and George H. Huft, of Philadelphia, Pa., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, Sidney R. M. Malloch, the grantee of patent No. 1,249,981 for a "silent railway crossing," charged the Philadelphia Rapid Transit Company with infringement thereof. On final hearing, that court held the defendant did not infringe, and dismissed the bill. Thereupon the plaintiff took this appeal. After argument and due consideration had, we are of opinion the court committed no error, and that the rightness of its decree was demonstrated in the very careful, painstaking, and comprehensive opinion [37 F.(2d) 896] of the trial judge, and we might well limit ourselves to basing our decision upon it. However, in view of the earnest argument of counsel, we deem it proper to add our own independent views. The tread portion of the street car rails and wheels is different from railroad ones. In the latter we have a plain, ungrooved rail, and a flange on the inside of the wheel which prevents derailment. In the street car rail we have a groove or channel in the body of the rail of greater depth than the wheel flange which travels thereon. The effect of this is that the car rests and travels on the tread of the wheel on the treadway of the rail. These several factors made the railway cars and wheel necessarily travel on the wheel tread, but permitted in the case of street cars that, if desired, the flange could be made of such depth that the car would travel on such deepened flange. This possibility was known and utilized in street railway operation. Without referring to others, it suffices to cite the practice of the Lorain Steel Company in making rails for street car crossing; namely, to make the groove or channel floor of such lesser depth that the wheel flange would ride on such raised groove floor. This practice was shown in drawings for construction and embodied in construction directions, viz: "Unless otherwise noted on drawing, depth of floor in groove crosses, frogs and girder crossings, will be made the same as depth of wheel flange."

In this state of the art Malloch applied for his patent. A study thereof makes it clear the novelty pointed out in his specification, illustrated in his figures, and claimed in his two claims, was, as he states:

"It is the principal aim and object of the present invention to provide a crossing of such construction that when the rolling stock passes thereover, the action thereof will be silent, thus obviating jars, shocks and other noises usually incident to devices of this character.

"It is an additional and equally important object of the present invention to provide a crossing insert cast in a single piece for engagement with the correspondingly formed portions of a track crossing consisting of intersecting rails constructed so that the insert may be readily fitted thereover."

This insert, and it alone, is explicitly stated in other parts of the specification. It is differentiated from the rail heads, viz.: "As the insert for preventing the tread portion of the wheels of the rolling stock from striking the edges of the tread surfaces of the rail head sections at the intersections thereof." Provision is made for clamping it in place as an insert, viz.: "The invention of a further improvement resides in the provision of novel means for fastening the crossing insert to the crossing of the main track."

The advantageous construction possibilities of constructing such insert are shown, viz.:

"Among the other aims and objects of this invention may be recited the provision of a device of the character mentioned, with a view to *compactness*, and in which the number of parts are few, the construction simple, the cost of production low and the efficiency high."

So, also, the element of "a crossing insert cast in a single piece" is carried in each of the only claims granted. It is therefore apparent that the only novelty disclosed by the patent is the insert, and claims are confined to it. Indeed, to avoid invalidity, the state of the art makes it necessary to restrict the claims to such element, and, in view of the fact that the defendant does not use such an insert, but its construction is akin to the Lorain case, we hold the court below committed no error in dismissing the bill.